UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-CR-0312(4) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| NATHAN LAMAR STEWART, | |
| Defendant. | |

David P. Steinkamp, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Nathan Lamar Stewart, pro se.

Defendant Nathan Lamar Stewart pleaded guilty to three counts of aiding and abetting bank robbery. The Court sentenced Stewart to a term of 120 months' imprisonment on each of those counts, with the three sentences to be served concurrently. Stewart also pleaded guilty to one count of aiding and abetting possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The Court imposed a term of 84 months' imprisonment on that count, with that sentence to be served consecutively to the bank-robbery sentences. Stewart, acting pro se, now alleges that the Court committed plain error in imposing the 84-month term of imprisonment on the firearm-possession offense, and he asks that his sentence be reduced to 60 months.

Stewart purports to bring his motion pursuant to Fed. R. Crim. P. 52(b), but that rule does not authorize collateral attacks on convictions or sentences. In fact, Stewart is attempting to challenge his sentence pursuant to 28 U.S.C. § 2255. But Stewart has already filed a motion for relief pursuant to § 2255. ECF No. 204. (The Court denied that motion over a year ago. *See*

ECF No. 207.) As a result, Stewart cannot again attempt to challenge his sentence unless he seeks and receives permission from the Eighth Circuit to file a second motion pursuant to § 2255. *See* 28 U.S.C. § 2255(h). Accordingly, the Court does not have authority to grant Stewart's most recent motion to reduce his sentence.

Even if the Court had authority to grant the relief that Stewart seeks, the Court would deny Stewart's motion on the merits. Under § 924(c), any person who possesses a firearm in furtherance of a crime of violence "shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i). If the firearm is brandished, however, that mandatory-minimum sentence increases to seven years. *See* 18 U.S.C. § 924(c)(1)(A)(ii). An aider or abetter is subject to the same penalties as a principal offender. *See* 18 U.S.C. § 2.

Stewart contends that the Court plainly erred by sentencing him to 84 months' imprisonment on the firearm-possession offense because he was subject only to the five-year mandatory minimum set forth in § 924(c)(1)(A)(i). Stewart is mistaken. As an initial matter, although § 924(c)(1)(A)(i) *requires* a court to impose a sentence of at least five years, § 924(c)(1)(A)(i) does not *prohibit* a court from imposing a longer sentence; indeed, under § 924(c)(1)(A)(i), the Court could have imposed a life sentence on Stewart. *See United States v. Davidson*, 437 F.3d 737, 741 (8th Cir. 2006).

Putting that aside, Stewart's plea agreement acknowledged that a firearm was not only possessed, but brandished during the commission of one of the bank robberies for which Stewart was convicted, triggering application of the seven-year (rather than the five-year) mandatory-minimum sentence. *See* Plea Agreement at 2 [ECF No. 157]. In addition, paragraph 9 of

Stewart's Presentence Investigation Report ("PSR") reported that a gun was pointed at victims — that is, brandished — during the course of the bank robbery. Stewart did not object to this statement in the PSR. Based on those admissions, the Court properly determined that Stewart was subject to the seven-year mandatory-minimum sentence set forth in § 924(c)(1)(A)(ii). This should not have come as a surprise to Stewart, as his plea agreement explicitly recognized that seven years' imprisonment was the shortest sentence that the Court could impose for that offense, *see* Plea Agreement at 8, and Stewart himself acknowledged at his plea hearing that he understood that fact, *see* Plea Tr. at 17 [ECF No. 198].

For these reasons, Stewart's motion for a reduction in sentence is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant Nathan Lamar Stewart's motion for a reduction in sentence [ECF No. 233] is DENIED.

Dated: December 12 , 2013

 s/Patrick J. Schiltz  
Patrick J. Schiltz  
United States District Judge