UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-CR-0312(4) (PJS/FLN) |
| | Case No. 16-CV-03559 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| NATHAN LAMAR STEWART, | |
| Defendant. | |

Defendant Nathan Lamar Stewart was convicted of three counts of bank robbery (in violation of 18 U.S.C. § 2113(a)) and one count of aiding and abetting the use of a firearm in furtherance of a crime of violence (in violation of 18 U.S.C. § 924(c)).  ECF No. 156.  In October 2010, Stewart was sentenced to 204 months in prison.  ECF No. 193.  After Stewart's sentence was affirmed on direct appeal, *see United States v. Stewart*, 643 F.3d 259 (8th Cir. 2011), Stewart filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, ECF No. 204.  Stewart's § 2255 motion was denied on August 7, 2012, ECF No. 208, and the Eighth Circuit denied Stewart's application for a certificate of appealability and dismissed his appeal on January 22, 2013, ECF No. 225.

This matter is now before the Court because Stewart has filed another motion pursuant to § 2255 to vacate, set aside, or correct his sentence.  ECF No. 281.[1]  Before

---

[1]This is, in fact, the *fourth* § 2255 motion that Stewart has filed or attempted to file.  His first motion, in July 2012, was correctly styled as a motion under § 2255.  ECF

filing a successive § 2255 motion, however, Stewart was required to obtain authorization from the Eighth Circuit.  *See* 28 U.S.C. § 2255(h).  Stewart did not obtain the required authorization, and thus his § 2255 motion must be dismissed.

This Court declines to exercise its discretion to transfer Stewart's motion to the Eighth Circuit.  *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  Stewart's motion relies mostly on the recent decision of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  But *Johnson* is irrelevant to three of the four grounds of Stewart's § 2255 motion,[2] and the *Johnson* challenge that Stewart seeks to raise in the remaining ground was squarely rejected by the Eighth Circuit just last month.  *United States v. Prickett*, 839 F.3d 697, 698 (8th Cir. 2016).  Because it is apparent that Stewart cannot meet the standard for authorization for a second or successive motion under § 2255(h), the Court dismisses his motion rather than transferring it to the Eighth Circuit.

---

No. 204.  His second motion, in December 2013, was incorrectly styled as a motion under Fed. R. Crim. P. 52(b), ECF No. 233, but this Court construed it as a second or successive § 2255 motion, ECF No. 234.  His third motion, in June 2014, was rejected by the Clerk of Court because it had not been authorized by the Eighth Circuit.  ECF No. 240.

[2]In "Ground Two," Stewart seems to complain that he was improperly classified as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on a 2009 conviction for fleeing a police officer in a motor vehicle.  If this were true, Stewart might have a *Johnson* claim, but it is not true.  Stewart was not classified as a career offender, and this Court never determined that his 2009 conviction was a crime of violence.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant Nathan Lamar Stewart's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 281] is DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

2. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  November 29, 2016		s/Patrick J. Schiltz
						Patrick J. Schiltz
						United States District Judge