UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09-CR-0312(4) (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| NATHAN LAMAR STEWART, | |
| Defendant. | |

Defendant Nathan Stewart pleaded guilty to three counts of bank robbery and possession of a firearm during a crime of violence, and he was sentenced to 204 months' imprisonment.  ECF Nos. 156, 193.  This matter is before the Court on Stewart's latest request to reduce his sentence under 18 U.S.C. § 3582(c)(2) in light of recent changes to the United States Sentencing Guidelines.  ECF No. 367.

The Court has already denied Stewart's previous motions requesting the same relief.  *See* ECF No. 362.  As the Court explained in its previous order, neither of the two retroactive changes made by Amendment 821 to the Sentencing Guidelines lowers Stewart's sentencing range, and because that is true, the Court does not have authority to reduce Stewart's sentence.  Nothing in Stewart's latest letter persuades the Court otherwise.

Stewart also refers to two changes to the Sentencing Guidelines that took effect on November 1, 2024:  First, Stewart points to Amendment 826, which addresses the

impact of acquitted conduct in calculating a defendant's guidelines range.  *See* USSG § 1B1.3.  Second, Stewart points to Amendment 829, which addresses downward departures for youthful defendants.  *See* USSG § 5H1.1.  Stewart claims that both these amendments apply to him and have "automatic retroactive effect."

Stewart is incorrect.  A court may not reduce "a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission" unless "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The Sentencing Guidelines provide that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement" if "[n]one of the amendments listed in subsection (d) is applicable to the defendant."  USSC § 1B1.10(a)(2)(A).  Put more simply, only amendments listed in USSG § 1B1.10(d) have retroactive effect.  Neither Amendment 826 nor Amendment 829 is listed in subsection (d).  Therefore, these amendments do not retroactively apply to Stewart's case.

Finally, even if these amendments did apply retroactively, they would not help Stewart.  When sentencing Stewart, this Court did not take into account any "conduct for which the defendant was criminally charged and acquitted in federal court," and thus Amendment 826 has nothing to do with his case.  Moreover, when sentencing Stewart, the Court explicitly took into account "the defendant's youthfulness at the time

of the offense or prior offenses"—and gave Stewart a shorter sentence than he would otherwise have received because of that "youthfulness"—and thus Amendment 829 would not change the Court's analysis.

Again, though, the main problem for Stewart is that neither Amendment 826 nor Amendment 829 applies retroactively to his case. For that reason, his motion to reduce his sentence must be denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion reduce his sentence [ECF No. 367] is DENIED.

2. The Clerk of Court is DIRECTED to mail to defendant copies of the following: this order, the order denying defendant's previous motions [ECF No. 362], and the Court's letter to defendant [ECF No. 363].

Dated: November 6, 2024

Patrick J. Schiltz, Chief Judge
United States District Court